**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

OMAR ALEXANDER VALDEZ MEJIA,

        Petitioner,

    v.

PAM BONDI, et al.,

        Respondents.

Civil Action No. 26-3199 (SDW)

OPINION

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Omar Alexander Valdez Mejia, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of the Dominican Republic.  (*Id.* ¶ 44).  He entered the United States without being admitted after inspection on June 24, 2024.  (ECF No. 6 at 2).

3.      That same day, Petitioner was detained by Border Patrol and determined to be inadmissible.  (*Id.*)  The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") citing Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (ECF No. 6-1 at 4); *see also* 8 U.S.C. § 1182(a)(6)(A)(i).

4.      Petitioner was released on his own recognizance on October 4, 2024.  (ECF No. 6-2 at 2).

5.      ICE arrested petitioner on March 1, 2026 and detained him pursuant to 8 U.S.C. § 1225(b)(2).   (ECF No. 6 at 1-2).

6.      DHS agents arrested and detained Petitioner without providing him any bond hearing or other individualized custody determination following his detention.    (ECF No. 6 at 3).

7.      Respondents filed an answer on March 31, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted.  As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (*Id.*)

8.      Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases.  (*Id.* at 1 & n.1)

9.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11.     This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an

extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1]  *See Patel*, 2025 WL 3012323, at *3-4.

12.     Federal courts have similarly rejected Respondents' position in near unanimity in hundreds of cases to date.  *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.  Those decisions are plainly correct."); *but see Avila v. Bondi*, __ F.4th __, No. 25–3248, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026) (holding that "§1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

13.     The basis for the Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions."  *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).  "[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent.  *See Avila*, 2026 WL 819258, at *7-8 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained … ." *Id.* at 366.

14.    This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later.[3]  "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."  *Id.* at 373; *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code.  It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F.

---

[3] Respondents argue that Petitioner's 2024 release on recognizance is meaningless as "simply because an officer issued paperwork indicating release pursuant to 8 U.S.C. § 1226 does not mean that the officer, in fact, had the authority to release Petitioner on those grounds." (ECF No. 6 at 2 n.2).  The NTA cited to INA § 212(a)(6)(A)(i) as the grounds for Petitioner's inadmissibility. (ECF No. 6-1 at 4).  This portion of the INA covers noncitizens who are "present without admission or parole."  8 U.S.C. § 1182(a)(6)(A).  These distinctions matter.  Release on recognizance "is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather a form of 'conditional parole' from detention, authorized under § 1226."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) ("It is apparent that [DHS] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (citing *Ortega-Cervantes*).  Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)."  *Lopez Benitez*, 795 F. Supp. 3d at 483 (emphasis in original).

4

Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

15.    Therefore, this Court will grant the Petition and order Petitioner's release.

16.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 1, 2026

5